74 F.3d 1250
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis GARCIA-BALLESTEROS, Defendant-Appellant.
 No. 95-2104.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 Before TACHA, LOGAN, and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Jose Luis Garcia-Ballesteros pleaded guilty to possession with intent to distribute less than fifty kilograms of marijuana and aiding and abetting, in violation of 21 U.S.C. 841(a)(1), 841(b)(1)(B), and 18 U.S.C. 2, reserving his right to appeal the denial of his motion to suppress the marijuana seized from him by border patrol officers. There are two issues on appeal: (1) whether the initial stop of defendant's vehicle was based on reasonable, articulable suspicion, see United States v. Brignoni-Ponce, 422 U.S. 873, 884-85 (1975); and (2) if the initial stop was lawful, whether the agent's conduct requesting consent to search the vehicle exceeded what was permissible questioning. We accept the district court's findings of facts unless we believe them to be clearly erroneous, United States v. Walker, 933 F.2d 812, 815 (10th Cir.1991). But we determine the ultimate issue the constitutional validity of the initial stop and the questioning de novo. United States v. Miranda-Enriquez, 941 F.2d 1081, 1083 (10th Cir.1991).
 
 
 3
 We have carefully reviewed the record of the suppression hearing, consisting of the testimony of the border patrol agent who stopped defendant and his cross-examination. We agree with district court's conclusion that under the circumstances, particularly the fact that no registration was on file for the vehicle, the agent was justified in making the initial stop.
 
 
 4
 A closer question is whether the agent was justified in asking for consent to search after the stop. But we believe that because of his detection of the odor of gasoline--considering the agent's experience that this frequently signified transportation of narcotics placed in or around the gas tank--the agent was justified in asking permission to search the car. We find the district court's analysis of the facts and the law to be accurate and affirm for substantially the reasons stated in its Memorandum Opinion Order of January 12, 1995, denying suppression.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3